UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARIKA PRINCE,<br><br>             Plaintiff,<br><br>   v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY,<br><br>             Defendant. | Case No. C16-563 RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

## I.    INTRODUCTION

This matter comes before the Court on Defendant State Farm Mutual Automobile Insurance Company ("State Farm")'s Motion for Summary Judgment (Dkt. #22), and Plaintiff Arika Prince's Cross Motion for Summary Judgment (Dkt. #26). For the reasons below, the Court GRANTS Plaintiff's Motion and DENIES Defendant's Motion.

## II.    BACKGROUND

The parties agree that there are no issues of material fact in dispute. Dkt. #34 at 2. Plaintiff Arika Prince is an insured under State Farm policy 0062-165-47J. Dkt. #3-2. She was involved in a motor vehicle collision on September 11, 2011, and made a claim with State Farm for underinsured motorist benefits. *Id*. The parties were unable to resolve this claim and Ms.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

Prince eventually filed suit in King County Superior Court. On November 20, 2015, the state court entered a jury verdict judgment in favor of Ms. Prince for Uninsured/Underinsured Motorist ("UIM") benefits in the amount of $13,947.07, bearing interest at the rate of 12% per year. Dkt. #24-6. On November 24, 2015, State Farm issued a check for this amount payable to Arika Prince & Clausen Law Firm. Dkt. #24-7. Ms. Prince returned this check to State Farm's counsel in part because it did not include interest. It was then returned to Ms. Prince for a second time requesting that she explain the amount of interest she believed was owed. Dkt. #23-2. Eventually this check was cashed, representing satisfaction of the initial $13,947.07 judgment amount. Dkt. #24 at 3.

On December 15, 2015, after awarding attorney fees and costs to Prince, the state court entered an Amended Judgment against State Farm in the amount of $113,375.02, bearing interest at the rate of 12% per year. Dkt. #27-4. State Farm did not immediately tender payment of the remaining balance due, which was $99,427.95 plus interest. *See id.* Instead, State Farm appealed the original and amended judgments. Dkts. #27-3 and #27-5.

Under Washington court rules, the amended judgment amount could be enforced 14 days after entry—*i.e.*, on December 30, 2015—in the absence of a stay. Wash. Super. Ct. Civ. R. 62(a).[1]

On March 11, 2016, Ms. Prince obtained a writ of garnishment against State Farm's bank to collect the unpaid amended judgment amount. Dkt. #27-8. Ms. Prince incurred attorney fees and costs in the amount of $359.42 to obtain this writ of garnishment. Dkt. #27-9.

---

[1] This rule states: (a) Automatic Stays. Except as to a judgment of a district court filed with the superior court pursuant to RCW 4.56.200, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Upon the filing of a notice of appeal, enforcement of judgment is stayed until the expiration of 14 days after entry of judgment. Unless otherwise ordered by the trial court or appellate court, an interlocutory or final judgment in an action for an injunction or in a receivership action, shall not be stayed during the period after its entry and until appellate review is accepted or during the pendency of appellate review. Wash. Super. Ct. Civ. R. 62(a).

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

Prior to this garnishment, Plaintiff's counsel had never contacted State Farm's counsel regarding payment of the outstanding judgment or her intent to file for the garnishment writ. Dkt. #23 at 2.

Ms. Prince filed this action in King County Superior Court on March 10, 2016, with claims for insurance bad faith and violation of the Washington Consumer Protection Act ("CPA"). Dkt. #3-1.

On April 11, 2016, State Farm filed a supersedeas bond in the amount of $120,000, effectively securing the judgment and staying enforcement. Dkt. #25-2.

On April 15, 2016, Ms. Prince served an Amended Complaint adding an IFCA claim. Dkt. #3-2. State Farm removed the case to this Court on April 18, 2016. Dkt. #1.

On October 24, 2016, the Washington State Court of Appeals affirmed the state trial court's rulings. *See* Dkt. #27-11.

On or about February 3, 2017, State Farm paid the balance of the Amended Judgment owed as well as interest and attorney fees and costs. Dkt. #23 at 2. State Farm has not tendered payment of Prince's $359.42 garnishment costs.

On March 1, 2017, Ms. Prince withdrew her IFCA claim in this case. *See* Dkt. #26 at 2.

During 30(b)(6) deposition, State Farm stated that it believed it did not generally have an obligation to pay judgments while an appeal is pending, that it will not produce a bond if one is not requested, and State Farm agreed that it "place[s] the burden of obtaining a bond on the plaintiff or the plaintiff's counsel." Dkt. #27-18 at 2-4.

### III.  DISCUSSION

**A. Legal Standard**

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B. Whether State Farm's Actions violated WAC § 284-30-330(16)**

Ms. Prince's claims hinge on whether State Farm's failure to timely pay the Amended Judgment constitutes a violation of WAC § 284-30-330(16). In relevant part, this regulation names as an unfair or deceptive act or practice of an insurer:

> Failing to adopt and implement reasonable standards for the processing and payment of claims after the obligation to pay has

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

> been established. Except as to those instances where the time for payment is governed by statute or rule or is set forth in an applicable contract, procedures which are not designed to deliver payment, whether by check, draft, electronic funds transfer, prepaid card, or other method of electronic payment to the payee in payment of a settled claim within fifteen business days after receipt by the insurer or its attorney of properly executed releases or other settlement documents are not acceptable.

WAC §284-30-330(16).

State Farm argues that the instant suit "has nothing to do with [State Farm]'s claim investigation or claim handling…. [rather] State Farm's delay in filing a supersedeas bond or paying the disputed outstanding attorneys' fees portion of the amended judgment." Dkt. #22 at 9. State Farm cites several cases for authority to support its argument that its failure to pay the amended judgment in full cannot constitute a violation of §284-30-330(16). *Id.* at 11 (citing, *inter alia*, *Chen v. State Farm Mut. Auto. Ins. Co.*, 94 P.3d 326 (Wash. Ct. App. 2004)). State Farm argues that it did not violate this regulation because the unpaid portion of the amended judgment was not a "claim" within the meaning of the regulation. Dkt. #22 at 11-12. State Farm does little to challenge the facts as asserted by Ms. Prince.

Ms. Prince argues that "claim" under the regulation should be interpreted as including her entire Amended Judgment, including attorney fees and costs. Dkt. #26 at 10 (citing *Safeco Title Ins. Co. v. Gannon*, 54 Wash. App. 330, 335, 774 P.2d 30, *rev. denied*, 113 Wash. 2d 1026 (1989) (In the insurance context, "the plain, ordinary meaning of claim is a demand for compensation.")). Ms. Prince argues that State Farm's practice is to force insureds to litigate their claims to establish the amount in the absence of an agreement, that attorneys fees and costs are therefore required to be incurred by State Farm, and that they should thus be read into the policy and be considered part of the claim. Dkt. #32 at 5 (citing *Nationwide Mut. Fire Ins. Co. v. Watson*, 120 Wash. 2d 178, 840 P.2d 851 (1992)). Ms. Prince argues that *Chen, supra,*

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

is distinguishable because "*Chen* involved a dispute regarding the proportional fees to be deducted from a PIP offset to a UIM arbitration award.... Unlike this case, there was no judgment regarding the amount of the deduction from the PIP offset.... [and] the obligation to pay had not been established." Dkt. #26 at 10 n.2.

State Farm argues that Ms. Prince "exercising her right to enforce the judgment does not constitute a claims handling violation by State Farm, and that "once the judgment was obtained, and Plaintiff's UIM claim was paid by State Farm, enforcement of the judgment was subject to the civil rules and laws governing judgments, not claims handling standards." Dkt. #28 at 2. State Farm argues that Ms. Prince seeks an overly broad definition of "claim" that does not comport with either the regulatory framework or a common sense definition of the term. *Id.* at 3. State Farm concedes that "claim" is undefined in the regulation at issue but should be limited to "a demand for payment under an insurance contract." *Id*. at 3-4.

In interpreting a regulation, this Court must look first to the "plain language of the regulation, interpreting it within the context of the entire statutory scheme." *Asplundh Tree Expert Co. v. Dep't of Labor & Indus.*, 185 P.3d 646, 649 (Wash. Ct. App. 2008). The Court has examined the plain language of WAC § 284-30-330(16). Because this specific subsection contemplates the deadline for payment coming from a "rule," in addition to a deadline "set forth in an applicable contract," the Court is convinced that a court's final judgment qualifies as an "obligation to pay" under this regulation. Of course, State Farm does not contest that a court judgment can establish "the obligation to pay" a claim. However, State Farm seeks to limit the definition of paying a claim under this regulation to making payment of that portion of the judgment that covers compensation for injury and not the portion that covers compensation for attorney fees and costs incurred in obtaining the payment. The Court is not convinced that the

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

term "claim" in this regulation should be interpreted so narrowly, and State Farm cites to no Washington case so limiting this regulation to allow an insurer to unreasonably delay paying a portion of a judgment that it is disputing on appeal as a policy. *Chen* is not helpful to the Court because it did not answer whether an insurer's failure to pay a portion of a court's judgment on a UIM case constitutes a violation of WAC § 284-30-330(16), and in any event it reaches its conclusion without sufficient analysis to aid this Court. The *Chen* court simply states that State Farm's payment of "undisputed UIM arbitration amounts" was within 15 business days. *Chen*, 94 P.3d at 331. Other cases cited by State Farm are further off course because they do not discuss WAC § 284-30-330(16). The Court finds that, based on the unique facts of this case, State Farm's failure to pay the entire Amended Judgment amount within the time limit proscribed by state court rule, and the undisputed evidence submitted by Ms. Prince showing this failure was consistent with State Farm's policies and practice, constitute a violation of WAC § 284-30-330(16).

### C. Plaintiff's Insurance Bad Faith Claim

An insurer has a duty of good faith to its policyholder and violation of that duty may give rise to the tort of bad faith in Washington State. *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 484, 78 P.3d 1274, 1276 (2003). To succeed on a bad faith claim, the policyholder must show the insurer's breach of the insurance contract was "unreasonable, frivolous, or unfounded." *Id*. Whether an insurer acted in bad faith is typically a question of fact. *Id*. at 485.

Because there are no disputes of material fact, both parties seek summary judgment on this claim. Ms. Prince argues that State's Farm's violation of Wash. Admin. Code § 284-30-330(16) alone satisfies the elements of this claim. Dkt. #26 at 12 (citing, *inter alia*, *St. Paul Fire & Marine Ins. Co. v. Onvia*, 165 Wn.2d 122, 132, 196 P.3d 664 (2008)).

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

State Farm argues that an insurer may be liable for this tort "if it failed to investigate and adjust the claim reasonably and pursuant to Washington regulations." Dkt. #22 at 8 (citing *Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 961 P.2d 933, 937 (1998)). State Farm argues that its practice of posting a supersedeas bond only when requested by a court or party is reasonable, and that "Washington law does not require State Farm to pay a judgment or post a bond, especially under these circumstances when the remaining judgment amount was disputed and an issue on appeal, the amount did not reflect the UIM award or any other contractual obligation, and State Farm could unquestionably satisfy the judgment." Dkt. #28 at 6-7. State Farm argues that "All Plaintiff had to do was pick up the phone and ask State Farm to pay the judgment or file a bond or she would move ahead with filing the writ of garnishment." *Id*. at 8.

The Court agrees with Ms. Prince that State Farm has attempted to frame her case as alleging that State Farm failed to post a supersedeas bond when they had no legal obligation to do so; the Court is more concerned with State Farm's failure to pay an outstanding judgment, placing the burden on the policyholder to "pick up the phone" or take some more aggressive action to get paid. The Court finds that State Farm's actions in this matter constituted insurance bad faith under Washington law. The Court will grant summary judgment in favor of Ms. Prince on this claim.

**D.  Plaintiff's CPA Claim**

Both parties seek summary judgment on Ms. Prince's CPA claim. Ms. Prince argues that State Farm violated WAC §284-30-330(16) by "[f]ailing to adopt and implement reasonable standards for the processing and payment of claims after the obligation to pay has been established," and that this is a per se CPA violation. Dkt. #3-2 at 4.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8

State Farm admits that a violation of WAC §284-30-330(16) would constitute a per se CPA violation and satisfy the first three elements of a CPA claim. Dkt. #22 at 12-13 (citing *Indus. Indem. Co. of the Nw, Inc. v. Kallevig*, 792 P.2d 520, 529 (Wash. 1990)). However, State Farm argues that Ms. Prince cannot meet the injury element of a CPA claim. *See* Dkt. #28 at 8-9. State Farm cites to *Sign-O-Lite Signs v. Delaurenti Florists*, 825 P.2d 714, 64 Wn. App. 553 (Wash. Ct. App. 1992) for authority that "a litigant's involvement in defending a collection action and prosecuting a CPA counterclaim is insufficient to show injury to business or property." Dkt. #22 at 13.

In Response, Ms. Prince argues that *Sign-O-Lite* is distinguishable because she "does not rely on attorney fees and costs incurred in this action to satisfy the injury element…. Instead, she relies on the fees and costs that were incurred the underlying action (sic) in response to State Farm's violation of the regulation." Dkt. #26 at 11-12. Ms. Prince buttresses her argument with citation to *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 431, 334 P.3d 529 (2014), and *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 57, 62, 204 P.3d 885 (2009), where the court acknowledged that "[c]onsulting an attorney to dispel uncertainty regarding the nature of an alleged debt is distinct from consulting an attorney to institute a CPA claim…. the latter is insufficient to show injury to business or property, the former is not." Ms. Prince argues that the injury element is "expansive" and that it can be met "even where the injury alleged is both minimal and temporary." *Id*. at 11 (citing *Frias,* 181 Wn.2d at 431). Ms. Prince argues that a CPA injury can include lost use of property. *Id.* (citing *Mason v. Mortgage Am., Inc.*, 114 Wash. 2d 842, 854-55, 792 P.2d 142 (1990)).

To prevail on a CPA claim, an insured must demonstrate (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

injury to the insured's business or property, and (5) which injury is causally linked to the deceptive act or practice. *Kallevig*, 792 P.2d at 528 (citing *Hangman Ridge Training Stable, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 784-85, 719 P.2d 531 (1986)).

The Court finds that State Farm's violation of WAC §284-30-330(16) constitutes a per se CPA violation and satisfies the first three elements of Ms. Prince's CPA claim. The Court further finds that State Farm's actions injured Ms. Prince, at the very least because they deprived her of the judgment proceeds at issue for several months. This is sufficient by itself to satisfy the remaining CPA elements. State Farm's subsequent payment of the Amended Judgment halfway through this litigation does not extinguish Ms. Prince's CPA claim. Accordingly, the Court will grant summary judgment on this claim in favor of Ms. Prince.

**E. Plaintiff's Request for an Injunction**

State Farm argues that Ms. Prince does not have standing to seek injunctive relief because it has posted a supersedeas bond and "the likelihood of further harm to her is remote." Dkt. #22 at 14. Ms. Prince argues that the CPA authorizes injunctive relief and that "the Court should issue an appropriate injunction because State Farm continues to deny its obligation to pay judgments in favor of its insured in the absence of a stay pending appeal." Dkt. #26 at 13.

The Court agrees with State Farm that Ms. Prince lacks standing to seek injunctive relief given the limited nature of her injury and will not grant injunctive relief at this stage in the proceedings.

**IV. CONCLUSION**

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1) Defendant State Farm's Motion for Summary Judgment (Dkt. #22) is DENIED.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

2) Plaintiff Arika Prince's Cross Motion for Summary Judgment (Dkt. #26) is GRANTED IN PART as stated above.

3) The parties are to submit to the Court a Joint Status Report as to additional issues before the Court no later than **fourteen** (**14) days** from the date of this Order.

DATED this 19th day of April 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE